IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDEMNITY INSURANCE COMPANY : <br> OF NORTH AMERICA : <br> *a/s/o* UNIONVILLE-CHADDS FORD : <br> SCHOOL DISTRICT : <br>   : <br>   v.  : <br>   : <br> ELECTROLUX HOME PRODUCTS, : <br> INC. : | CIVIL ACTION <br><br> NO. 10-4113 |

**MEMORANDUM**

**SURRICK, J.**                                                                              **MARCH  19 , 2012**

Presently before the Court is Defendant Electrolux Home Products, Inc.'s Motion to Strike Plaintiff's Motion for a New Trial. (ECF No. 73.) For the following reasons, the Motion will be granted.

**I.    BACKGROUND**

Plaintiff Indemnity Insurance Company of North America, as subrogee for the Unionville-Chadds Ford School District, brought this action against Defendant Electrolux Home Products, Inc., in regard to a fire that occurred in July 2009. A jury trial was held from January 3 through January 9, 2012. On January 9, 2012, the jury returned a verdict in favor of Defendant. Judgment in favor of Defendant was entered on the same day. (Order Dismissing Case, ECF No. 58.)

On February 7, 2012, Plaintiff filed a Motion for a New Trial pursuant to Federal Rule of Civil Procedure 59(b). (Pl.'s Mot. New Trial 1, ECF No. 66.) Plaintiff alleged that there was

error in the jury selection process, that the jury instructions were improper, and that the jury's verdict was against the weight of the evidence. (*Id*. at 7.) Defendant filed the instant Motion to Strike on February 21, 2012. Defendant argues that Plaintiff's Motion for a New Trial was filed after the deadline provided by the Federal Rules of Civil Procedure. (Def.'s Mot., ECF No. 73.) Plaintiff filed a Response to Defendant's Motion on February 27, 2012. (Pl.'s Resp., ECF No. 74.)

## II.   LEGAL STANDARD

"A motion for a new trial must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b). Judgment is defined to include "a decree and any order from which an appeal lies," but not "recitals of pleadings, a master's report, or a record of prior proceedings." Fed. R. Civ. P. 54(a). Although courts may generally extend time "for good cause," Fed. R. Civ. P. 6(b)(1), "[a] court must not extend the time to act under . . . Rule 59(b)." Fed. R. Civ. P. 6(b)(2). Accordingly, we lack authority to extend time if a Rule 59(b) motion is filed later than twenty-eight days after the entry of judgment. *See Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 402 (3d Cir. 2003) (holding that Rule 6(b)(2) "clearly forbids a district court from extending" the period in Rule 59(b)); *Jackson v. City of Pittsburgh*, No. 07-111, 2010 U.S. Dist. LEXIS 124891, at *8 (W.D. Pa. Nov. 24, 2010) (same).

In computing a period of time under the Federal Rules of Civil Procedure, if the period "is stated in days or a longer unit of time," courts are instructed to "exclude the day of the event that triggers the period," while "includ[ing] the last day of the period." Fed. R. Civ. P. 6(a)(1). Every day, including weekends and legal holidays, is counted towards the period. *Id*. If the final

Case 2:10-cv-04113-RBS   Document 76   Filed 03/19/12   Page 3 of 4

day of the period is a Saturday, Sunday or legal holiday, the period "continues to run until the end of the next" weekday that is not a legal holiday. *Id*.

**III.   DISCUSSION**

Judgment was entered in this case on Monday, January 9, 2012. Pursuant to Rule 6(a)(1), the twenty-eight-day period for Plaintiff to file a motion for a new trial under Rule 59(b) began to run on Tuesday, January 10, 2012.

Plaintiff claims that the Motion for a New Trial was timely filed. (*Id*. at 2.) Plaintiff's counsel submitted an Affidavit in which he indicates that he has been practicing law for twenty-five years and that during that time he has used the Time Matters® software program. He advises that the Day Calculator in that software program calculated that the last day for filing his Motion was February 7, 2012. The calculation of his software program was wrong. Counsel should have looked at a calendar and the Rules.

As noted above, January 10, 2012 was the first day of the twenty-eight-day period. The twenty-eighth, and final, day of this period was Monday, February 6, 2012. Plaintiff filed this Motion on Tuesday, February 7, 2012, the twenty-ninth day after judgment was entered. It is untimely. We lack the power to extend Plaintiff's time to file a motion for a new trial.

Plaintiff argues in the alternative that the judgment entered on January 9, 2012 "was not the final order issued by the Court with respect to this case" because the Court entered an Order on January 17, 2012 with regard to the exhibits that were admitted at trial. Plaintiff argues that the twenty-eight-day period for filing a motion for new trial should run from January 17th because that is when the finality of the judgment was realized. Plaintiff's argument is devoid of merit.

3

During the course of the trial, there were more than seventy-five exhibits offered by the parties. Some of the exhibits used by Defendant were duplicates of those used by Plaintiff and vice versa. To say that Counsel's use of exhibits was at times confusing is an understatement. In any event, when an exhibit was properly identified and used during the trial, it was admitted into evidence. At the conclusion of the trial, Counsel for Plaintiff and Counsel for Defendant were advised to prepare a list of all of the Exhibits that each had admitted into evidence, so that the list could be made a part of the record in order to alleviate confusion for anyone reviewing the record. The lists agreed to by Counsel were made a part of the record on January 17, 2012. To suggest that the record of the trial remained open until January 17, 2012 and the judgment was not entered on January 9, 2012 is disingenuous.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion is granted. Plaintiff's Motion for a New Trial is dismissed as untimely.

An appropriate Order follows.

**BY THE COURT:**

_____
**R. BARCLAY SURRICK, J.**