IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INDEMNITY INSURANCE COMPANY | : | |
| OF NORTH AMERICA | : | |
| *a/s/o UNIONVILLE-CHADDS FORD* | : | |
| *SCHOOL DISTRICT* | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 10-4113 |
| ELECTROLUX HOME PRODUCTS, | : | |
| INC. | : | |

## MEMORANDUM

**SURRICK, J.**                                                                MARCH   26   , 2012

Presently before the Court is Plaintiff Indemnity Insurance Company of North America's

Motion to Extend Time to File Appeal.  (ECF No. 75.)  For the following reasons, the Motion

will be granted.

## I.      BACKGROUND

Plaintiff Indemnity Insurance Company of North America, as subrogee of the Unionville-

Chadds Ford School District, brought this action against Defendant Electrolux Home Products,

Inc. in regard to a fire that occurred in July 2009.  A jury trial was held from January 3 through

January 9, 2012.  On January 9, 2012, the jury returned a verdict in favor of Defendant.

Judgment in favor of Defendant was entered that same day.  (Order Dismissing Case, ECF No.

58.)

On February 7, 2012, Plaintiff filed a motion for a new trial pursuant to Federal Rule of

Civil Procedure 59(b).  (ECF No. 66.)  Defendant filed a motion to strike, arguing that Plaintiff's

motion for a new trial was filed after the expiration of the twenty-eight-day period provided by Federal Rules of Civil Procedure 6 and 59.  (ECF No. 73.)  We granted Defendant's motion and dismissed Plaintiff's motion for a new trial as untimely.  (Order on Mot. to Strike, ECF No. 77.)

Plaintiff filed a Notice of Appeal, in accordance with Federal Rule of Appellate Procedure 3, on February 16, 2012.  (ECF No. 71.)  A notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A).  Although a motion for a new trial under Federal Rule of Civil Procedure 59 tolls the time to file such notice, it does so only if the motion was timely filed.  Fed. R. App. P. 4(a)(4)(A).  Since Plaintiff's motion for a new trial was not timely filed, it did not serve to toll the period for filing a notice of appeal.  In order to be timely, Plaintiff's Notice of Appeal should have been filed by February 8, 2012.

The Court of Appeals for the Third Circuit docketed Plaintiff's appeal on February 23, 2012.  (No. 12-1454.)  The Third Circuit's Clerk of Court noted that the "notice of appeal was not filed within the time prescribed by Fed. R. App. P. 4(a)(1). The order appealed was entered on January 9, 2012, but the notice of appeal was not filed until February 16, 2012."  (Order, Doc. No. 003110816649.)  The Clerk further noted that, pursuant to Federal Rules of Appellate Procedure 26(b) and 4(a)(5)-(6), only the district court is empowered to permit an extension of time to appeal.  (*Id.*)  On March 7, 2012, Plaintiff filed a Motion to Extend Time to Appeal, pursuant to Federal Rule of Appellate Procedure (4)(a)(5).  (Pl.'s Mot., ECF No. 75.)

## II.    LEGAL STANDARD

We are permitted to grant an extension of time to file a notice of appeal if the moving "party shows excusable neglect or good cause."  Fed. R. App. P. (4)(a)(5)(A)(ii).  In order to

determine whether neglect is "excusable," we weigh several factors.  These factors include "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Kanoff v. Better Life Renting Corp.*, 350 F. App'x 655, 657 (3d Cir. 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993)).[1]  These factors "do not establish a mathematical formula," because our determination must ultimately be "an equitable one."  *Kanoff*, 350 F. App'x at 657.

## III.   DISCUSSION

Initially, we note that on March 19, 2012, Defendant did request that Plaintiff's appeal be dismissed.  The document filed by Defendant was styled "Appellee, Electrolux Home Products, Inc.'s Response To The Court's Order Dated February 23, 2012 and Motion To Dismiss For Jurisdictional Defects."  It was filed under Case No. 12-1454 in the Third Circuit Court of Appeals, not in this Court, and it does not address the question of whether Plaintiff should be granted additional time to file an appeal based upon "excusable neglect."

Addressing Plaintiff's request for an extension of time, there is no reason to anticipate that Defendant would be prejudiced by an extension.  The length of the delay here was relatively short.  Plaintiff filed its Notice of Appeal eight days after the deadline.  Had the Notice been timely filed, it would not have materially affected the progress of this action.  Moreover, Plaintiff's appeal would not have proceeded anyway, because Plaintiff and Defendant were still in the process of litigating the issue of the timeliness of Plaintiff's post-trial motion.  Since the

---

[1] "The 'good cause' prong is reserved for events over which the filing party has no control," and is thus not applicable here.  *Kanoff*, 350 F. App'x at 657 n.1.

3

delay neither prejudiced Defendant nor negatively impacted judicial proceedings, these factors weigh in favor of granting Plaintiff's Motion.

Addressing next the reason for the delay, Plaintiff offers several reasons.  One of these reasons appears to fall within the category of "excusable neglect."  Counsel claims he filed Plaintiff's motion for a new trial one day late because of a computer error.  (Pl.'s Mem. 8 & Ex. A, ECF No. 75.)  Believing that its motion for a new trial was timely filed, and therefore tolled the time to file a notice of appeal, Plaintiff did not seek to file a notice of appeal until it belatedly realized that the period had expired.  (*Id*. at 8.)  This is a plausible explanation for the delay, and would reflect neglect that would be excusable.  Counsel's inadvertent error has already foreclosed the possibility of Plaintiff obtaining post-trial relief in this Court.  Counsel's error should not also preclude his client from having the opportunity for appellate review. Accordingly, this factor weighs in favor of Plaintiff.

With respect to whether Plaintiff acted in good faith, this is more problematic.  We are not certain that Plaintiff's representations to this Court have been made in complete good faith. Counsel has offered affidavits blaming computer software for the error, instead of taking responsibility for a mistake that could easily have been avoided by consulting a calendar and the Federal Rules.  Furthermore, Plaintiff has again attempted to advance an argument that we have previously deemed "disingenuous."  (*See* Mem. on Mot. to Strike 4, ECF No. 76.)  Plaintiff claims that the filing period should run from the date the Court entered a list of trial exhibits into the trial record, as opposed to the date that judgment was entered.  Plaintiff argues that it "was aware of the possibility that the Order entered by the Court on January 17, 2012 completing the

record may be viewed as the Court's final Order in this matter," prompting a supposedly timely filing on February 16, 2012.  (Pl.'s Mot. 9.)

We question the sincerity of this argument.  There was never a possibility that the Order of January 17, 2012 would be considered a final judgment or an appealable Order.  This Court clearly entered judgment on January 9, 2012.  As noted in our Memorandum dated March 19, 2012, the Order entered on January 17th was entered to alleviate the confusion created by the handling of exhibits by Counsel during the trial.  It was not the type of final Order contemplated by Federal Rule of Appellate Procedure 4(a)(4).  Clearly, Counsel is unwilling to accept responsibility for the delayed filings.  In any event, considering all of the circumstances,  we are satisfied that the interests of justice require that Plaintiff be permitted to proceed with its appeal.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion is granted.  Plaintiff shall file a new notice of appeal within fourteen days of the entry of this Order.

An appropriate Order follows.

BY THE COURT:

_____

**R. BARCLAY SURRICK, J.**